OREGON NATURAL RESOURCES COUNCIL, Hells Canyon Preservation Council, Friends of Lake Fork, and Ric Bailey, Plaintiffs,

v.

Richard LYNG, Secretary of Agriculture, United States Forest Service and Robert Richmond, Wallowa–Whitman National Forest Supervisor, Defendants,

and

Eagle Cap Logging, Inc., an Oregon corporation; RMH Aeroservices, Inc., a Utah corporation; Boise Cascade Corp., a Delaware corporation; Ellingson Lumber Co., an Oregon corporation; Idaho Timber Corp. of Oregon, Inc., an Idaho corporation; North Powder Lumber Co., an Oregon corporation; Sequoia Forest Industries, Inc., an Idaho corporation; Union Forest Products, Co., an Oregon corporation; Northwest Timber Workers Resource Council, an unincorporated association; and Save Our Snake, an unincorporated association, Intervenors–Defendants.

Civ. No. 88–680–PA.

United States District Court,
D. Oregon.

Feb. 19, 1991.

Gary K. Kahn, Reeves, Kahn & Eder, Portland, Or., for plaintiffs.

Charles H. Turner, U.S. Atty., D. Oregon, Jack G. Collins, Chief, Civil Div., Thomas E. Lee, Asst. U.S. Atty., Val J. McLam Black, Special Asst. U.S. Atty., Portland, Or., for defendants.

Michael E. Haglund, Lindsay, Hart, Neil & Weigler, Portland, Or., for intervenors-defendants.

OPINION

PANNER, District Judge.

Plaintiffs Oregon Natural Resources Council, Hells Canyon Preservation Council, Friends of Lake Fork, and Ric Bailey brought this action for declaratory, injunctive, and mandamus relief against defendants Secretary of Agriculture Richard Lyng, the United States Forest Service, Wallowa–Whitman National Forest Supervisor Robert Richmond, and various inter-

venor-defendants. Plaintiffs contended that a sale of beetle-killed spruce in the Hells Canyon National Recreation Area (HCNRA) violated the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321–4347; the HCNRA Act, 16 U.S.C. §§ 460gg–460gg–13; and the Clean Water Act (CWA), 33 U.S.C. §§ 1251–1376.

I found for defendants after a court trial. The Ninth Circuit reversed on the HCNRA Act claim, finding that the Secretary was required to promulgate regulations. *Oregon Natural Resources Council v. Lyng*, 882 F.2d 1417, 1427 (9th Cir.1989) (*Hells Canyon I*), *amended*, 899 F.2d 1565 (9th Cir.1990) (*Hells Canyon II*). The Ninth Circuit affirmed on the other issues.

Plaintiffs apply for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). I deny the application.

### BACKGROUND

The disputed statute provides:

The Secretary shall promulgate, and may amend, such rules and regulations as he deems necessary to accomplish the purposes of section 460gg to 460gg–13 of this title. Such rules and regulations shall include, but are not limited to....

16 U.S.C. § 460gg–7. The "rules and regulations" mentioned by the statute include standards for using private property in the HCNRA, protecting historic resources, using motorized equipment and river craft, and managing, using, and disposing of natural resources on federally owned lands. 16 U.S.C. § 460gg–7(a)–(e).

Plaintiffs contended that the Secretary had violated the HCNRA Act by failing to promulgate rules and regulations. I disagreed. I held that section 460gg–7 requires the Secretary to issue rules only " 'as he deems necessary.' " *Oregon Natural Resources Council v. Lyng*, No. 88–680–PA, slip op. at 14 (D.Or. Aug. 11, 1988) (quoting 16 U.S.C. § 460gg–7) (amended opinion).

The Ninth Circuit reversed. *Hells Canyon I*, 882 F.2d 1417 (9th Cir.1989). It held that "[s]ection 10(e) [16 U.S.C. § 460gg–7(e) ] mandates regulations for timber harvesting by selective cutting on federally owned lands." *Id.* at 1427.

The court also held that plaintiffs were entitled to attorney's fees under the EAJA. *Id.* at 1428. However, it amended its opinion, transferring the attorney's fees issue to this court for an initial determination. *Hells Canyon II*, 899 F.2d at 1565.

### STANDARDS

■ The court must award attorney's fees to prevailing parties in civil actions against the United States unless it finds that the position of the United States was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The United States has the burden of showing substantial justification. *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir.1990). Its position is substantially justified if the position has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). In other words, the position should be "justified to a degree that could satisfy a reasonable person." *Id.*

### DISCUSSION

I. Prevailing Party

Plaintiffs are prevailing parties. Although defendants characterize plaintiffs' victory as insignificant, plaintiffs did achieve their goal of requiring the Secretary to issue regulations.

II. Substantial Justification

■ Plaintiffs emphasize the Ninth Circuit's initial holding that the Secretary's position was not substantially justified. *Hells Canyon I*, 882 F.2d at 1428. However, the Ninth Circuit withdrew that portion of its opinion. *Hells Canyon II*, 899 F.2d at 1565. I work with a clean slate.

The first sentence of the statute provides that "[t]he Secretary *shall promulgate*, and may amend, *such rules and regulations as he deems necessary....*" 16 U.S.C. § 460gg–7 (emphasis added). The Ninth Circuit admitted that "[t]he first sentence directs the Secretary to promulgate regulations but seems to limit that man-

date to rules the Secretary decides are necessary to accomplish the purposes of the Act." 882 F.2d at 1427. The Ninth Circuit jumped to the second sentence of the statute, which states that "[s]uch rules and regulations *shall include....*" 16 U.S.C. § 460gg–7 (emphasis added). The court determined that the second sentence "extends that mandate [to issue regulations] beyond the confines of the Secretary's discretion to specific types of regulations." 882 F.2d at 1427. The discretion Congress apparently granted in the first sentence was only an illusion.

The Secretary interpreted the second sentence differently. While the Ninth Circuit emphasized the words "shall include" in the second sentence, the Secretary emphasized the words "[s]uch regulations." Logically, the words "such regulations" refer back to the regulations mentioned in the first sentence, which are promulgated only as the Secretary deems necessary. Under the Secretary's reading, *only if* he decides to issue regulations at all does the statute require him to include the regulations listed in section 460gg–7(a) through (e).

The Ninth Circuit discounted the apparent discretion granted by the first sentence, reasoning that the first sentence merely allows the Secretary to promulgate "additional regulations as he deems necessary to accomplish the purposes of the Act." 882 F.2d at 1427. However, the second sentence already gives the Secretary authority to promulgate additional regulations: "Such regulations shall include, *but are not limited to....*" 16 U.S.C. § 460gg–7 (emphasis added). The Secretary contends that the Ninth Circuit's interpretation would render the first sentence superfluous.

The Ninth Circuit tried to bolster its reading of the statute with an appeal to grammar: "In both the first and second sentences of section 10 the predicate nominative of the word 'shall' is 'rules and regulations': 'shall' describes the Secretary's relationship to the regulations." 882 F.2d at 1427 (citing *Fernandez v. Brock,* 840 F.2d 622, 632 (9th Cir.1987)). However, the court's appeal to "grammatical sense," initially impressive, dissolves on closer inspection.

My dictionary defines "predicate nominative" as a noun or pronoun "that follows a linking verb and refers to the same person or thing as the subject of the verb." *American Heritage Dictionary* 976 (2d college ed. 1985). A "linking verb" is a "a form of *be* or *feel,* that identifies the predicate of a sentence with the subject." *Id.* at 734, 322; *see also* B. Garner, *A Dictionary of Modern Legal Usage* 428 (1987) ("Predicate nominatives" are "nouns or pronouns in the nominative or subjective case that appear after copulative verbs—usually *be* -verbs.").

Congress did not use the words "rules and regulations" as predicate nominatives in either sentence. Instead, if I remember my grammar correctly, "rules and regulations" are objects of the verb "promulgate" in the first sentence, and subjects of the verb "include" in the second sentence. The Ninth Circuit goes over my head when it states that " 'shall' describes the Secretary's relationship to the regulations." 882 F.2d at 1427.

The Ninth Circuit's interpretation is the law of the case and I bow to the superior wisdom. Nevertheless, I find that the Secretary's position was substantially justified. A reasonable person could argue that the statute gives the Secretary discretion to promulgate regulations.

## CONCLUSION

Plaintiffs' application for attorney's fees and expenses is denied.