OREGON NATURAL RESOURCES COUNCIL; Hells Canyon Preservation Council; Friends of Lake Fork; Ric Bailey, Plaintiffs–Appellants,

v.

Edward R. MADIGAN *, Secretary of Agriculture; U.S. Forest Service; Robert Richmond, Wallowa–Whitman National Forest Supervisor, Defendants–Appellees.

No. 91–35325.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 1992.

Decided Dec. 9, 1992.

Gary K. Kahn, Reeves & Kahn, Portland, Or., for plaintiffs-appellants.

---

* Pursuant to Fed.R.App.P. 43(c)(1), Edward R. Madigan is hereby substituted for his predeces-   sor, Richard Lyng.

M. Alice Thurston, U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before TANG, FERGUSON, and DAVID R. THOMPSON, Circuit Judges.

FERGUSON, Circuit Judge:

Plaintiffs Oregon Natural Resources Council, Hells Canyon Preservation Council, Friends of Lake Fork, and Ric Bailey (collectively "ONRC"), who are prevailing parties in this litigation, appeal the district court decision denying them attorney's fees and expenses. We reverse and remand for determination of the amount of fees and expenses.

ONRC brought this action for declaratory, injunctive, and mandamus relief against defendants Secretary of Agriculture Richard Lyng (succeeded by Edward R. Madigan), the United States Forest Service, and Wallowa–Whitman National Forest Supervisor Robert Richmond. Plaintiffs contended that a sale of beetle-killed spruce in the Hells Canyon National Recreation Area violated the National Environmental Policy Act (NEPA), the Hells Canyon National Recreation Area Act ("the HCNRA Act"), and the Clean Water Act (CWA). The district court found for defendants and on appeal this court affirmed on the NEPA and CWA claims but reversed on the HCNRA Act claim, holding that the Secretary was required to promulgate regulations for timber cutting under the Act. *Oregon Natural Resources Council v. Lyng*, 882 F.2d 1417, 1428 (9th Cir.1989), *amended*, 899 F.2d 1565 (9th Cir.1990).

The attorneys' fees dispute at issue involves the interpretation of the language of the HCNRA Act, §§ 1–16, 16 U.S.C.A. §§ 460gg–460gg–13 (West Supp.1992). On the merits, the government argued that the statute created only a discretionary duty to promulgate regulations. The district court agreed. This court reversed, holding that the "language and legislative history of section 10 *clearly* reveal an intent to create a *mandatory duty* to promulgate regula-

tions in the specified categories." *Oregon Natural Resources Council v. Lyng*, 882 F.2d 1417, 1426 (9th Cir.1989), *amended*, 899 F.2d 1565 (9th Cir.1990) (emphasis added).

This court initially determined that plaintiffs were entitled to attorneys' fees under the Equal Access to Justice Act. *Id.* at 1427–28. In his petition for rehearing, the Secretary contended that he was not given an adequate opportunity to be heard regarding attorneys' fees. The court withdrew that portion of the opinion which held that fees were warranted and remanded for a determination on the issue. *Oregon Natural Resources Council v. Lyng*, 899 F.2d 1565 (9th Cir.1990). On remand, the district court held that the Secretary was substantially justified in his reading of the HCNRA Act and plaintiffs were not entitled to fees. *Oregon Natural Resources Council v. Lyng*, 756 F.Supp. 467, 469 (D.Or.1991).

■ 28 U.S.C. § 2412(d)(1)(A) mandates the award of attorneys' fees and expenses to the prevailing party unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. To prove substantial justification, the government must show that its position has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The government has the burden of demonstrating substantial justification. *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir.1990).

■ The "position of the United States" encompasses both an agency's action or failure to act upon which the civil action is based as well as the government's litigation position. 28 U.S.C. § 2412(d)(2)(D); *Abela v. Gustafson*, 888 F.2d 1258, 1264 (9th Cir.1989). With regard to the former, we look at the merits of the underlying action to determine if the government's position is justified. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). Examination of the reasonableness of the government's litigation position encompasses examination

of the position on the merits, then focuses upon "extraneous circumstances bearing upon the reasonableness of the government's decision to take a case to trial." *Kali,* 854 F.2d at 332. Extraneous circumstances include relevant legal or factual precedents. *Id.*

Here, the underlying inaction was the government's failure to issue regulations before going forward with the timber harvesting. On the merits, we are bound by the previous panel's holding and rationale, *i.e.,* that the statutory language clearly set forth a mandatory duty to issue the regulations. The government argues in this appeal that its interpretation was reasonable because the language and legislative history are ambiguous and subject to two equally compelling interpretations. However, the court rejected this position on the merits when it found the statute clear. *ONRC,* 882 F.2d at 1426. Furthermore, the analysis was neither complex nor extraordinary. *Cf. Pottgieser v. Kizer,* 906 F.2d 1319, 1324 (9th Cir.1990) (no EAJA fee award warranted where Secretary's interpretation of complex social security statutes was reasonable). Thus, we find that the underlying position of the government was not substantially justified. We come to this conclusion not because the government lost its claim, but because a previous panel of this court determined that the statutory language and legislative history were clear.

We next review whether the government's litigation position was justified. As stated above, the second prong of our inquiry requires us to look at "extraneous circumstances" that support the government's position. The government has presented none, only repeating its arguments and criticizing the decision on the merits. It is not our task to review the previous panel's decision. The previous panel remanded when the government asked to be heard on the attorney's fee issue. Unfortunately, the government only reasserts its position on the merits, and supplies nothing new to justify its position and meet its burden.

The government claims that disagreement between judges on the merits of a case suggests a finding of reasonableness and substantial justification. However, "[o]ur precedents do not treat the district judge's agreement with the government in the initial case as conclusive as to whether or not the government was reasonable." *United States v. One 1984 Ford Van,* 873 F.2d 1281, 1282 (9th Cir.1989); *see also Pierce,* 487 U.S. at 569, 108 S.Ct. at 2552; *Kali v. Bowen,* 854 F.2d at 332.

We realize that in a case involving purely legal issues, where precedent is lacking, it may be difficult for the government to present extraneous circumstances going beyond the merits to justify its litigation position. Nevertheless, the government has the burden of showing that its decision to proceed to trial on the HCNRA Act claim was reasonable. It lost on an issue of statutory interpretation that the previous panel did not consider close, and, without evidence otherwise explaining its position, we cannot say that its position was substantially justified. We thus conclude that the government's underlying conduct—failure to issue the specified regulations—and its litigation position—that the relevant language was discretionary—were not reasonable.

The district court found for the government on remand, but misunderstood its task. It held fast to its position that the government's interpretation of the statute was reasonable and critiqued the previous panel's reasoning and conclusion. As explained above, merely continuing debate on the merits does not constitute a demonstration of the reasonableness of the government's position.

REVERSED AND REMANDED.