10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
COMMITTEE TO BRIDGE THE GAP, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF ENERGY, Defendant-Appellee.
 No. 92-55604.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1993.
Decided Nov. 15, 1993.
 
 Before: SKOPIL, HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Committee to Bridge the Gap (the "Committee") appeals district court orders denying its motion for attorney's fees as a prevailing party under the Freedom of Information Act ("FOIA") and the Administrative Procedure Act ("APA") and its motion to hold the Department of Energy ("DOE") in civil contempt. Because the district court did not abuse its discretion in either instance, we affirm.
 
 I.
 
 3
 The Committee argues that it is entitled to attorney's fees under both the FOIA and the APA. We review the district court's denial of fees for abuse of discretion. E.g., United Ass'n of Journeymen & Apprentices, Local 598 v. Department of Army, 841 F.2d 1459, 1461 (9th Cir.1988) (denial of attorney's fees under the FOIA); Hoang Ha v. Schweiker, 707 F.2d 1104, 1105 (9th Cir.1983) (denial of attorney's fees under the APA).
 
 A.
 
 4
 In deciding whether to award attorney's fees to eligible plaintiffs under the FOIA, the district court must consider four factors: (1) the public benefit from disclosure; (2) the commercial benefit to the plaintiff from disclosure; (3) the nature of the plaintiff's interest in the disclosed records; and (4) whether the government had a reasonable legal basis for withholding the records. E.g., Long v. United States IRS, 932 F.2d 1309, 1313 (9th Cir.1991). In denying the Committee's request for fees, the district court applied this four-factor analysis, holding that "the public benefit [of the Committee's lawsuit] ... does not seem overwhelming" and that the DOE had a "colorable basis in law for withholding the requested document." After reaching these conclusions, it was within the court's discretion to deny the Committee's fee request.
 
 
 5
 The district court implicitly recognized that the Committee's FOIA lawsuit was beneficial to the public because it resulted in publication of the draft orders and established that the DOE had waived the deliberative-process privilege. See Church of Scientology v. United States Postal Serv., 700 F.2d 486, 493 (9th Cir.1983) ("A ruling which establishes that the government may not withhold certain information pursuant to a particular FOIA exemption ... benefits the public.").
 
 
 6
 The court, however, found these benefits not to be "overwhelming," presumably because the draft orders were not binding and had not yet been implemented. Because the degree of dissemination and the likely public impact of disclosure are the two key determinants of public benefit, id. at 493, it was within the court's discretion to discount the public worth of the orders. See Polynesian Cultural Ctr. v. NLRB, 600 F.2d 1327, 1330 (9th Cir.1979) (trivial public benefit does not weigh heavily in favor of a fee award).
 
 
 7
 To successfully resist an award of fees under the FOIA, a government agency must show that its refusal to disclose information was "based upon legal authority that reasonably supports its position that the documents should be withheld." Local 598, 841 F.2d at 1463.
 
 
 8
 The issue of whether disclosure of prior drafts waives the deliberative-process privilege for subsequent drafts was one of first impression. In refusing the Committee's FOIA request, the DOE relied on Mobil Oil Corp. v. United States EPA, 879 F.2d 698, 701-02 (9th Cir.1989), in which the Ninth Circuit held that the release of a document does not waive the privilege as to related subsequent versions that differ in content from the original.
 
 
 9
 Although the district court ultimately ordered disclosure, it acknowledged that the issue was "not that clear-cut." Because the court disagreed with the Committee's allegations that the DOE acted in bad faith and fabricated the existence of the 1990 version, it did not abuse its discretion by finding that the DOE had a reasonable basis in law for withholding the draft order.
 
 B.
 
 10
 The Committee also requests attorney's fees for successfully invoking the APA to compel the DOE to engage in rulemaking proceedings and to publish the draft orders. Because the APA does not provide for an award of attorney's fees to successful litigants, the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Sec. 2412 (Supp.1992), governs the Committee's fee request. E.g., Hoang Ha, 707 F.2d at 1105.
 
 
 11
 Under the EAJA, a "prevailing party" in a civil action against the United States is entitled to attorney's fees unless "the position of the United States was substantially justified." 28 U.S.C. Sec. 2412(d)(1)(A) (Supp.1992). A position is "substantially justified" if it has a reasonable basis both in law and fact. E.g., Pierce v. Underwood, 487 U.S. 552, 565 (1988); Oregon Natural Resources Council v. Madigan, 980 F.2d 1330, 1331 (9th Cir.1992).
 
 
 12
 Accordingly, the inquiry for a fee award under the EAJA is essentially the same as that for the reasonableness criterion under the FOIA analysis. Therefore, because we hold that the district court did not abuse its discretion in denying fees to the Committee under the FOIA, we also hold that the court did not abuse its discretion in denying fees under the EAJA/APA.
 
 II.
 
 13
 As a result of the Committee's FOIA action, the district court ordered the DOE "to produce 1988 draft order 1700.1 and all subsequent revisions, including the 1990 revision." The DOE did so, but the "Contractor Records" provision of the 1990 version had been obscured with a marking pen and was unreadable. After the DOE "reconstructed" the blacked-out provision, the district court declined to issue a contempt order. We review for abuse of discretion the denial of a motion for contempt. E.g., Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.), cert. dismissed, 113 S.Ct. 454 (1992).
 
 
 14
 Civil contempt is inappropriate where a party has taken "all reasonable steps" to comply with a court order and nevertheless failed at doing so. E.g., National Advertising Co. v. City of Orange, 861 F.2d 246, 250 (9th Cir.1988). The district court found that the marked-up draft was the only copy of the 1990 version in the DOE's possession and that, as a result, the DOE did everything it could to comply with the court order by producing the copy and a "reconstruction" of its contents. Because the Committee failed to show that the DOE deliberately marked out the paragraph in response to the court order, the district court did not abuse its discretion by refusing to hold the DOE in contempt.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3