Vernice DUBOSE, Susan Daigle, individually and on behalf of all others similarly situated, Plaintiffs,

Connecticut Legal Services, Inc., San Fernando Valley Neighborhood Legal Services, Appellees–Cross–Appellants,

v.

Samuel R. PIERCE, Jr., individually and in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; Windham Heights Associates, a limited partnership; Anthony Associates, a general partnership; and Simon Konover, individually and in his official capacity as a general partner in Windham Heights Associates and Anthony Associates, Defendants,

Samuel R. Pierce, Jr., individually and in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, Defendant–Appellant–Cross–Appellee.

Claudia WALTER and Dominick Cortese, individually and on behalf of all other persons similarly situated, Plaintiffs,

Connecticut Legal Services, Inc., San Fernando Valley Neighborhood Legal Services, Appellees–Cross–Appellants,

v.

Samuel R. PIERCE, Jr., individually and in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; Carabetta Enterprises, Inc., a corporation organized and existing under the laws of the State of Connecticut, located in the Town of Meriden, County of New Haven, State of Connecticut, Defendants,

Samuel R. Pierce, Jr., individually and in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, Defendant–Appellant–Cross–Appellee.

Janette LITTLE, individually and on behalf of all others similarly situated, Plaintiff,

Connecticut Legal Services, Inc., San Fernando Valley Neighborhood Legal Services, Appellees–Cross–Appellants,

v.

Samuel R. PIERCE, Jr., individually and in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; Richard Brown, individually and in his capacity as part-owner of East Hartford Estates; Oak Management Co., Inc., a Connecticut Corporation; Louis Brown, individually and in his capacity as part-owner of East Hartford Estates, Defendants,

Samuel R. Pierce, Jr., individually and in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, Defendant–Appellant–Cross–Appellee.

May PLEASANT, individually and on behalf of others similarly situated, Plaintiff,

Connecticut Legal Services, Inc., San Fernando Valley Neighborhood Legal Services, Appellees–Cross–Appellants,

v.

Samuel R. PIERCE, Jr., Secretary of the U.S. Department of Housing and Urban Development; Tuscan Brotherhood Homes, Inc., a Connecticut corporation, Defendants,

Samuel R. Pierce, Jr., Secretary of the U.S. Department of Housing and Urban Development, Defendant–Appellant–Cross–Appellee.

Pantaleon MORALES, Ylda Ladson and Margaret Williams, individually and on behalf of those similarly situated, Plaintiffs,

Connecticut Legal Services, Inc., San Fernando Valley Neighborhood Legal Services, Appellees–Cross–Appellants,

v.

Samuel R. PIERCE, Jr., individually and in his capacity as Secretary of the U.S. Department of Housing and Urban Development; William H. Hernandez, Jr., individually and in his capacity as Manager for Connecticut for the U.S. Department of Housing and Urban Development; Canterbury Gardens Cooperative, Inc. and Ripps Realty, Inc., Defendants,

Samuel R. Pierce, Jr., individually and in his capacity as Secretary of the U.S. Department of Housing and Urban Development; William H. Hernandez, Jr., individually and in his capacity as Manager for Connecticut for the U.S. Department of Housing and Urban Development, Defendants–Appellants–Cross–Appellees.

Cathy ADAMS, Sheila Caquette, Barbara Littlejohn and Hazel French, individually and on behalf of all others similarly situated, Plaintiffs,

Connecticut Legal Services, Inc., San Fernando Valley Neighborhood Legal Services, Appellees–Cross–Appellants,

v.

Samuel R. PIERCE, Jr., individually and in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; Branford Manor Associates, Bay Management Corporation, Marvin S. Gold, Annette E.P. Gold, Milton A. Bernblum, John J. Groves, and Burton Levy, individually and as general partners in Branford Manor Associates, Defendants,

Samuel R. Pierce, Jr., individually and in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, Defendant–Appellant–Cross–Appellee.

Merry Ellen GRUNDMAN, individually and on behalf of all others similarly situated, Plaintiff,

Connecticut Legal Services, Inc., San Fernando Valley Neighborhood Legal Services, Appellees–Cross–Appellants,

v.

Samuel R. PIERCE, Jr., individually and in his capacity as Secretary of the U.S. Department of Housing and Urban Development; John Errichett, individually and in his capacity as owner of Highwood Apartments; Creative Management & Realty, a Connecticut Corporation, Defendants,

Samuel R. Pierce, Jr., individually and in his capacity as Secretary of the U.S. Department of Housing and Urban Development, Defendant–Appellant–Cross–Appellee.

Joann JOHNSON and Frank Jackson, individually and on behalf of all others similarly situated, Plaintiffs,

Connecticut Legal Services, Inc., San Fernando Valley Neighborhood Legal Services, Appellees–Cross–Appellants,

v.

Samuel R. PIERCE, Jr., individually and in his capacity as Secretary, U.S. Department of Housing and Urban Development; William H. Hernandez, Jr., individually and in his capacity as Manager for Connecticut for the U.S. Department of Housing and Urban Development and Ripps Realty, Inc., Defendants,

Samuel R. Pierce, Jr., individually and in his capacity as Secretary, U.S. Department of Housing and Urban Development; William H. Hernandez, Jr., individually and in his capacity as Manager for Connecticut for the U.S. Department of Housing and Urban Development, Defendants–Appellants–Cross–Appellees.

Nos. 581 to 583, Dockets 84–6145, 84–6169, 84–6171 and 85–6017.

United States Court of Appeals, Second Circuit.

On Remand from the Supreme Court June 30, 1988. See 108 S.Ct. 2890.

Decided Sept. 9, 1988.

John S. Koppel, Dept. of Justice, Civil Div., Washington, D.C., Richard K. Willard, Acting Asst. Atty. Gen., Robert S. Greenspan, Dept. of Justice, Washington, D.C., Alan H. Nevas, U.S. Atty. for D. of Conn., New Haven, Conn., for defendants-appellants-cross-appellees.

Dennis J. O'Brien, Douglas M. Crockett, Norman K. Janes, Connecticut Legal Services, Inc., Willimantic, Conn., for appellees-cross-appellants Connecticut Legal Services, Inc.

William H. Clendenen, Fred Altshuler, Lew Hollman, San Fernando Valley Neighborhood Legal Services, Inc., Pacoima, Cal., for appellees-cross-appellants San Fernando Valley Neighborhood Legal Services, Inc.

Before VAN GRAAFEILAND, MESKILL and WINTER,* Circuit Judges.

PER CURIAM:

This matter has come before us again, following a remand from the United States Supreme Court. *See Dubose v. Pierce,* —— U.S. ——, 108 S.Ct. 2890, 101 L.Ed.2d 924 (1988). The Supreme Court vacated our earlier decision, *see Dubose v. Pierce,* 761 F.2d 913 (2d Cir.1985), and remanded the case to us for reconsideration in light of the Court's recent decision in *Pierce v. Underwood,* —— U.S. ——, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). *See* —— U.S. ——, 108 S.Ct. at 2890.

The facts and procedural history of this case are laid out in detail in our earlier opinion, *see* 761 F.2d at 915–17, and we will not repeat them here. This case originally came to us on appeal from a judgment of the United States District Court for the District of Connecticut, Blumenfeld, *J.,* granting the motion of the plaintiffs-appellees for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C., § 2412(d) (1982 & Supp. IV 1986). Judge Blumenfeld awarded the fees after the underlying cases were settled pursuant to an agreement negotiated in related actions involving the Secretary of Housing and Urban Development (the Secretary) and the distribution of subsidies pursuant to the Housing and Community Development Act of 1974, Pub.L. No. 93–383, 88 Stat. 633 (1974). *See* 761 F.2d at 916–17; *see also Dubose v. Harris,* 82 F.R.D. 582, 592–605 (D.Conn.1979) (Stipulation for Settlement reproduced at Appendix). Judge Blumenfeld concluded that the government's position below was not substantially justified, *see Dubose v. Pierce,* 579 F.Supp.

---

* Judge Winter having recused himself after oral argument, this decision is rendered solely by Judges Van Graafeiland and Meskill, who are in agreement, pursuant to § 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit.

937, 948–51 (D.Conn.1984), and that a provision in the stipulated settlement barring the award of attorney's fees from the settlement fund would not preclude the payment of EAJA fees by the government, *see id.* at 951–52.

On appeal, we reversed. We reviewed Judge Blumenfeld's conclusion that the government's position was not substantially justified as a matter of law, *see* 761 F.2d at 917, and we concluded that he had erred in holding the government liable for EAJA fees, *see id.* at 917–20. While review of our decision was pending before the Supreme Court, however, the Court decided *Pierce v. Underwood.* In *Underwood,* a case involving issues and facts virtually indistinguishable from those present here, the Court held that a district court's determination of whether or not the government's position has been substantially justified for purposes of the EAJA must be reviewed under an abuse of discretion standard, not as a matter of law. *See* —— U.S. ——, 108 S.Ct. at 2547–48. In so ruling, the Court specifically rejected the approach that we had employed in our earlier decision in this case. *See id.* at ——, 108 S.Ct. at 2545–48. Moreover, the Court affirmed the Ninth Circuit's conclusion that the district court in that case had not abused its discretion in deciding that the government's position was not substantially justified. *See id.* at ——, 108 S.Ct. 2551.

■ Upon reconsideration, in light of the similarity between *Underwood* and our cases and the Court's conclusions in *Underwood* concerning the justification for the government's position, we now affirm Judge Blumenfeld's conclusion that the government's position below was not substantially justified. In our earlier decision we did not have to reach two other issues on appeal: (1) whether the settlement agreement provision barring an award of fees from the settlement fund affects a fee award under EAJA; and (2) the plaintiff's cross-appeal concerning the amount and calculation of the fees. *See* 761 F.2d at 920. We must now address those issues.

■ The stipulation in the settlement agreement provided that "[n]one of the sums distributed may be used to pay attorney's fees." *See* Stipulation for Settlement at ¶ 3(f), *reprinted at* 82 F.R.D. at 594. It also provided that "distribution of the settlement fund shall involve no other substantial costs or expenditures by [the Secretary]." *Id.* at ¶ 4(d), *reprinted at* 82 F.R.D. at 595. As Judge Blumenfeld noted, the EAJA was not yet in effect at the time these terms were agreed upon; thus, the parties could not have intended to preclude such an award. *See* 579 F.Supp. at 952. Moreover, the EAJA, which was intended to have retroactive effect on any matters "pending" at the time of its effectiveness, *see* Pub.L. No. 96–481, § 208, 94 Stat. 2321, 2330 (1980); 579 F.Supp. at 947–48, expressly provides that attorney's fees shall be payable by government agencies "from any funds made available to the agency by appropriation or otherwise," 28 U.S.C. § 2412(d)(4). The provisions of the stipulation for settlement quoted above simply reflect an intention that no fees would be paid from the settlement fund itself and that the Secretary would bear limited administrative costs in the fund's distribution, not that the EAJA would not apply. The Ninth Circuit, considering this same issue on essentially the same facts, has reached a similar conclusion. *See Underwood v. Pierce,* 761 F.2d 1342, 1345 (9th Cir.1985) (per curiam), *aff'd,* —— U.S. ——, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Therefore, for the reasons stated herein and in Judge Blumenfeld's opinion below, *see* 579 F.Supp. at 951–52, we affirm the district court's holding in this matter.

Finally, we must consider the plaintiffs' cross-appeal, in which they claim that Judge Blumenfeld erred in his calculation of the fees. In sum, the plaintiffs argue that the district court erred in failing to enhance the fee awards to reflect such "special factor[s]" as the success achieved and the skill of the attorneys. *See* 28 U.S.C. § 2412(d)(2)(A). Moreover, they argue that the district court erred in subtracting a penalty for failure to keep contemporaneous time records. We would only disturb Judge Blumenfeld's calculation of the fee awards if he committed an

abuse of discretion. *See Underwood,* —— U.S. at ——, 108 S.Ct. at 2553. Moreover, the Supreme Court in *Underwood* made it clear that the "special factor[s]" language in 28 U.S.C. § 2412(d)(2)(A) should be construed narrowly and is not intended to include the types of factors at issue here. *See id.* ——, 108 S.Ct. at 2553. In light of the standards set out in *Underwood,* and in light of the reasoning set out in Judge Blumenfeld's lengthy and detailed discussion of the fee calculation in his opinion below, *see* 579 F.Supp. at 952–66, we affirm the judgment of the district court.