FEDERAL ELECTION COMMISSION, Plaintiff–Appellee,

v.

POLITICAL CONTRIBUTIONS DATA, INC., Defendant–Appellant.

No. 1369, Docket 92–6240.

United States Court of Appeals, Second Circuit.

Argued April 23, 1993.

Decided June 17, 1993.

Vivien Clair, Richard B. Bader, Washington, DC (Federal Election Commission), for plaintiff-appellee.

David C. Vladeck, Brian Wolfman, Washington, DC (Public Citizen Litigation Group), for defendant-appellant.

Before: PRATT and JACOBS, Circuit Judges, and KNAPP, Senior District Judge for the Southern District of New York, sitting by designation.

WHITMAN KNAPP, Senior District Judge:

Defendant-appellant Political Contributions Data, Inc. ("appellant"), which had previously obtained from a panel of this Court an order dismissing the complaint in this action, appeals an order of the United States District Court of the Southern District of New York denying its motion for attorney's fees and other litigation costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("the EAJA")[1]. The district court denied the application, finding it to be untimely and further finding the position of plaintiff-appellee Federal Election Commission ("the Commission") in the underlying litigation to have been "substantially justified." For reasons that follow, we reverse.

## BACKGROUND AND FACTS

The underlying litigation began as an enforcement suit brought by the Commission to enjoin appellant, a private company, from selling reports analyzing contributions to federal election campaigns. The Commission alleged that the sale of such reports violated 2 U.S.C. § 438(a)(4), a provision of the Federal Election Campaign Act of 1971 ("the Act") which directs the Commission to make available to the public lists identifying individuals who contribute more than $200 to federal election campaigns, but also provides that contributor information "may not be used by any person for the purpose of soliciting contributions or for commercial purposes." The district court granted the Commission's motion for summary judgment and an appeal was taken.

A panel of this Court[2] reversed and remanded with instructions to enter summary judgment dismissing the Commission's complaint, *Federal Election Com'n. v. Political Contrib. Data*, 943 F.2d 190 (2d Cir.1991). The panel ruled that an analysis of legislative history established that the Commission had adopted an unreasonably restrictive interpretation of the provision in question and of its own corresponding regulation, 11 C.F.R. § 104.15(c) (1991)[3]. It further ruled that

1. 28 U.S.C. § 2412(d)(1)(A) provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

2. Meskil, Newman and Pratt, Circuit Judges.

3. The FEC promulgated the regulation in order to determine what commercial activities are proscribed by the statute. The regulation provides:

The use of information, which is copied or otherwise obtained from reports filed [with the FEC], in newspapers, magazines, books or other similar communications is permissible as long as the principle purpose of such communications is not to communicate any contributor information listed on such reports for the

such interpretation, by prohibiting the distribution of appellant's contributor lists, had defied the congressional intent behind the Act, namely to require disclosure of campaign contributions and contributors "in order to inform the electorate where campaign money comes from, to deter corruption, and to enforce the act's contribution requirements," 943 F.2d at 191. It observed that the government's reading of its regulation "would very likely run afoul of the first amendment," *id.* at 197. Proceeding "without the guidance of a reasonable agency interpretation," *id.* at 197, it determined that the purpose of the commercial exception contained in § 438(a)(4) was to protect political contributors from unwanted entreaties from vendors of merchandise such as "cars, credit cards, magazine subscriptions and cheap vacations," *id.* at 197. It further determined that the reports sold by appellant, which omitted the mailing addresses and phone numbers of the contributors and included a disclaimer against their use for soliciting contributions or any commercial purposes, "posed little, if any, risk" of unwanted harassment, *id.* at 197. It noted that the lists were "designed in a manner that will further first amendment values and not infringe contributor privacy by abetting solicitors," *id.* at 196. It accordingly concluded that their sale did not run afoul of either § 438(a)(4) or the Commission's pertinent regulation.

On October 5, 1991, appellant inquired of counsel for the Commission if it intended to seek *certiorari,* stating that if not it would file an application for fees pursuant to the EAJA. By letter dated October 30, counsel for the Commission responded that it had been decided that further review would not be sought. Subsequent attempts at settlement of the fee question were unavailing. On December 17, the Commission rejected an offer from the appellant; two days later, appellant filed its application for attorney's fees. The district court rejected the application, finding that (1) it was untimely, and (2) that the Commission's position in the underlying enforcement suit had been "substantially justified." 807 F.Supp. 311 (1992).

purpose of soliciting contributions or for other

Fee applications under the EAJA must be filed within 30 days of a "final judgment," 28 U.S.C. § 2412(d)(1)(B), which is defined as a determination "that is final and not appealable." *Id.* § 2412(d)(2)(g). Reasoning that the announcement that the Commission did not intend to seek review of the panel's decision constituted a "final judgment," the district court determined that in order to comply with the EAJA, appellant would have had to have filed its fee application within 30 days of the October 30th letter, that is, by November 29, several weeks before the application had actually been filed.

Alternatively, the district court found that the Commission's position in the underlying litigation had been "substantially justified." Noting that the Commission had "adopted its interpretation of the Regulation and its corresponding litigation position in the absence of any contrary, or even clear, guidance from either Congress or the courts," it found that the agency was to be accorded substantial deference in its interpretation of § 438(a)(4). Despite the panel's rejection of such interpretation, the district court concluded that it was still entitled to find that the Commission's position had been "justified to a degree that could satisfy a reasonable person."

## DISCUSSION

### A. Timeliness of the Application

■ In its recent opinion in *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Supreme Court ruled that "a 'final judgment' for the purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by the court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." —— U.S. at ——, 111 S.Ct. at 2162.

The contention that the Commission's October 30th letter to counsel for appellant was a "final order" which rendered appellant's fee application untimely was disposed of at oral argument. Commission counsel then unequivocally admitted that, despite counsel's

commercial purposes.

letter, the Commission had retained the absolute right to change its mind and apply for *certiorari* at any time up until the deadline for such an application, namely on November 19, just thirty days before the petition for fees was filed. · Had counsel been similarly forthcoming with the district court, that court might not have erroneously concluded that his simple letter constituted a final order terminating the civil action.

### B. The "Substantial Justification" of the Commission's Position

■ Where as here, there is no claim of "special circumstances" which would "make an award unjust," attorney's fees under the EAJA must be awarded to the prevailing non-government party unless the court finds that the position of the United States in the pertinent litigation to have been "substantially justified." 28 U.S.C. § 2412(d)(1)(A). To justify such a finding, the government must show that its position, both administratively and before the courts, had a reasonable basis in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 566 & n. 2, 108 S.Ct. 2541, 2550 & n. 2, 101 L.Ed.2d 490 (1988). The test is "essentially one of reasonableness," H.R.Rep. No. 1418 at 10, *reprinted in* 1980 U.S.C.C.A.N. The government has the burden of demonstrating substantial justification. *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir.1983). In our statement of facts, *supra*, we note that the panel which had previously considered this case on the merits found the government's position to have been unreasonable. Thus we must determine the extent to which we are bound by that panel's finding that the Commission had failed to provide "a 'reasonable interpretation' of either its own regulation or of § 438(a)(4)," 943 F.2d at 196.

Appellant maintains that the reasoning behind the earlier panel's decision conclusively establishes that the government's position was not substantially justified. It relies on a Ninth Circuit case which was decided while this appeal was pending, *Oregon Natural Resources Council v. Madigan*, 980 F.2d 1330 (9th Cir.1992). It was there held that a panel considering an EAJA fee application was bound by a previous panel's holding that the government's position had been unreasonable, at least when in so determining the first panel had carefully considered the language and legislative history of the statute in question.

The Commission, on the other hand, points to a series of cases for the proposition that this inquiry is a purely historical one, properly confined to an analysis of how the situation looked to the government before it lost its case. It reminds us that the EAJA is not an automatic ·fee-shifting statute, *Spencer v. N.L.R.B.*, 712 F.2d 539, 550 (D.C.Cir.1983), and urges a standard for determining this question which is "separate and distinct from whatever legal standards governed the merits phase of the case," *FEC v. Rose*, 806 F.2d 1081, 1087 (D.C.Cir.1986); *see also United States v. Paisley*, 957 F.2d 1161, 1167 (4th Cir.1992), *cert. denied sub nom. Crandon v. United States*, ── U.S. ──, 113 S.Ct. 73, 121 L.Ed.2d 38 (1992); *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir.1991); *Griffon v. United States Dep't. of Health and Human Services*, 832 F.2d 51, 52 (5th Cir.1987); *Cinciarelli v. Reagan*, 729 F.2d 801, 806 (D.C.Cir.1984).

■ Having considered these positions, we conclude, as did the Ninth Circuit, that the earlier panel's careful analysis of the government's position allows no further consideration of this issue. This is so because the legal standards which governed the merits phase of this litigation are precisely those to be applied to the EAJA question. The government's position is deemed reasonable only if it has a "reasonable basis both in law and in fact," *Pierce*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550. In granting summary judgment to appellant, the previous panel found the Commission's position unreasonable in light of the plain language and legislative history of the statute. It also found that the lists, compiled without addresses or phone numbers and bearing a warning against commer-

cial use, posed no danger to the privacy interests which § 438(a)(4) was designed to protect. Neither the terms of the statute, its legislative history, nor the evidence concerning the nature of the lists involved were unknown to the Commission when it decided to undertake this litigation. We therefore find that the previous panel has conclusively established that the Commission's position was not substantially justified so as to bar an award of attorney's fees. Like the Ninth Circuit, "[w]e come to this conclusion not because the government lost its claim, but because a previous panel of this court determined that the statutory language and legislative history were clear." 980 F.2d at 1332.

In brief, contrary to the suggestion in the dissenting opinion, we have no occasion to assess the merits of the district court's exercise of discretion. We hold that in this unusual situation where a previous panel has specifically passed on every question before us, and has found the Commission's position to have been unreasonable in that it frustrated the intent of Congress and might jeopardize first amendment rights, the district court was—as are we—bound by the panel's conclusions. It would be hard to imagine how it could be held that one had been "substantially justified" in defying the will of Congress and jeopardizing First Amendment rights.

## CONCLUSION

The order of the district court is reversed and the matter is remanded for the purpose of determining an appropriate award of fees and expenses.

JACOBS, Circuit Judge, concurring in part and dissenting in part:

I concur with the majority as to the timeliness of the appellant's fee application. I respectfully dissent because I do not believe that the district court abused its discretion in finding that the Commission was substantially justified in pursuing its position on the merits.

The Commission lost its claim on the merits—in the only way it *could* lose on the merits of that claim—upon a finding that it adopted an *unreasonable* interpretation of the "commercial purposes" provision of 2 U.S.C. § 438(a)(4) (1988) and its corresponding regulation, 11 C.F.R. § 104.15(c) (1991). *See Federal Election Comm'n v. Political Contributions Data, Inc.*, 943 F.2d 190, 196 (2d Cir.1991). Nevertheless, PCD was not entitled to fees if, *inter alia*, "the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A) (1988) ("EAJA"). Substantial justification (like the ruling on the merits) is a question of reasonableness. *Pierce v. Underwood*, 487 U.S. 552, 564 n. 2, 108 S.Ct. 2541, 2549 n. 2, 101 L.Ed.2d 490 (1988) ("if a reasonable person could think it correct"). However, in the EAJA stage, the question is whether it was unreasonable for the Commission to litigate the reasonableness of its statutory interpretation. The EAJA reasonableness question is therefore considered from a different point of view: "not what the law now is, but what the Government was substantially justified in believing it to have been." *Id.* at 561, 108 S.Ct. at 2548. Whether the Commission was substantially justified is a "historical" question. *Id.*

The majority (a) casts the issue as "the extent to which we are bound" by the unreasonableness findings of the previous panel; (b) adopts the Ninth Circuit rule that the EAJA panel is so bound if the first panel carefully considered the language and legislative history of the statute in question; and (c) holds that "the earlier panel's careful analysis of the government's position allows no further consideration of this issue." I disagree with this holding on several grounds, not least because it tends to frame the EAJA issue as a critique of the opinion on the merits: Was the merits opinion carefully considered? Was it clear and categorical? Was it inevitable?

At least in the first instance, this appeal concerning substantial justification should be resolved by reference to the district court opinion, rather than to this Court's 1991 opinion. Nothing in the 1991 opinion requires that we now reverse the district court's ruling on the distinct, historical issue of substantial justification. Appellant's sale of donor lists for profit was not a "commercial purpose" under § 438(a)(4), as the 1991

panel held, but that result was not a foregone conclusion. The 1991 opinion found that § 438(a)(4) cannot be literally applied; that § 438(a)(4) was made "skeletal" in order to permit the Commission to define the "commercial purposes" prohibition; that "we must ... seek further guidance outside the FECA itself"; and that "the best guidance" is provided by legislative history. 943 F.2d at 194–98. A holding of unreasonableness at the merits stage, however sound, is not necessarily a predictable result, especially where it turns in large part (as here) on legislative history.

As to the district court's opinion, we owe it more deference than the majority opinion gives it. The reasonableness standard applies at both stages of review (merits and EAJA), but reasonableness for EAJA purposes is considered from a different perspective and depends on a variety of factors that the district court may be best situated to evaluate. *Pierce v. Underwood,* 487 U.S. at 559–563, 108 S.Ct. at 2547–2549. The Supreme Court in *Pierce* therefore deferred to the district court's judgment, holding that the issue of substantial justification presents "a multifarious and novel question, little susceptible, for the time being at least, of useful generalization, and likely to profit from the experience that an abuse-of-discretion rule will permit to develop." *Id.* at 562, 108 S.Ct. at 2548.

In the case on appeal, the district court's carefully considered opinion held that the Commission was substantially justified *ex ante* in pursuing a position that the district court upheld on summary judgment, but that this Court, by way of a different analysis, held to be unreasonable. The district court has given detailed consideration to several factors, including the clarity of the governing law at the time the Commission acted; the foreseeable length and complexity of the litigation; and the consistency of the Commission's position. This Court previously considered these factors to be relevant. *See Dubose v. Pierce.* 761 F.2d 913, 918 (2d Cir.1985), *vacated on other grounds,* 487 U.S. 1229, 108 S.Ct. 2890, 101 L.Ed.2d 924 (1988).[1] I think the district court's findings easily withstand review for abuse of discretion. To the extent the majority expands the 1991 reasonableness analysis to resolve the EAJA issue, the majority is engaging in *de novo* review. To the extent the majority relies on the 1991 opinion's outcome, the majority treats EAJA as a fee-shifting statute.

---

1. In *Dubose v. Pierce,* 761 F.2d 913 (2d Cir.1985), this Court conducted a *de novo* review, and reversed the lower court's finding that the Government's position was not substantially justified. 579 F.Supp. 937 (D.Conn.1984). The Supreme Court vacated our judgment in light of *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), which held that the proper standard of review is abuse of discretion. On remand, applying that deferential standard, this Court affirmed the district court's finding. *Dubose v. Pierce,* 857 F.2d 889, 892 (2d Cir.1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1643, 104 L.Ed.2d 158 (1989).