COMMODITY FUTURES TRADING
COMMISSION, Plaintiff–
Appellee,

v.

William C. DUNN and Delta Consultants,
Inc., Defendants–Appellants,

Delta Options, Ltd. and Nopkine
Co., Ltd., Defendants.

Docket No. 98–6117.

United States Court of Appeals,
Second Circuit.

Argued March 15, 1999.

Decided March 26, 1999.

Gary D. Stumpp, Stumpp & Bond, LLP, New York, N.Y. (Adam M. Bond, Stumpp & Bond, New York, NY, on the brief), for Defendants–Appellants.

Maria Godel, Commodity Futures Trading Commission, Washington, DC (Daniel R. Waldman, General Counsel, J. Douglas Richards, Deputy General Counsel, Janene M. Smith, Commodity Futures Trading Commission, Washington, DC, on the brief), for Appellee.

Before: WALKER and CABRANES, Circuit Judges, and TSOUCALAS, Judge.*

PER CURIAM.

Defendants-appellants William C. Dunn and Delta Consultants, Inc. appeal from the March 24, 1998 order of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Chief Judge* ). In the order denying their application for an award of costs and attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412, *et seq.,* Judge Griesa concluded that the Commodity Futures Trading Commission ("CFTC" or "Commission") had

a reasonable basis in law and fact for initiating litigation in this case, and thus was "substantially justified" in doing so, thereby defeating the claim for a fee award under the EAJA. We affirm.

The history of the underlying CFTC enforcement action in this case has been set forth at considerable length in the opinions of this court and the Supreme Court, *see CFTC v. Dunn,* 58 F.3d 50 (2d Cir.1995), *rev'd, Dunn v. CFTC,* 519 U.S. 465, 117 S.Ct. 913, 137 L.Ed.2d 93 (1997), as well as in the district court's opinion supporting the order from which this appeal is taken, *see CFTC v. Dunn,* No. 94 Civ. 2403, 1998 WL 132840 (S.D.N.Y. Mar. 23, 1998). Familiarity with these opinions is assumed.

■ Under 28 U.S.C. § 2412(d)(1)(A),

a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action (other than cases sounding in tort) … brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

■ Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was "substantially justified"—a term that the Supreme Court has defined as having a "reasonable basis in both law and fact." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also Sotelo–Aquije v. Slattery,* 62 F.3d 54, 58 (2d Cir.1995); *FEC v. Political Contributions Data, Inc.,* 995 F.2d 383, 386 (2d Cir.1993). "The test is essentially one of reasonableness," *Political Contributions Data,* 995 F.2d at 386 (internal quotation marks omitted), and we will reverse a district court's determination on this issue only for an abuse of discretion, *see Sotelo–Aquije,* 62 F.3d at 57.

---

* The Honorable Nicholas Tsoucalas, of the United States Court of International Trade, sitting by designation.

The sole issue presented by this appeal is whether the district court abused its discretion when it held that the CFTC had carried its burden of demonstrating that its litigation position was substantially justified. The district court based its finding on the fact that the Commission had relied on unambiguous Second Circuit precedent to support its argument that a Treasury Amendment to the Commodity Exchange Act that provides an exemption from CFTC jurisdiction for, *inter alia,* "transactions in foreign currency," *see* 7 U.S.C. § 2(ii), did not remove the CFTC's jurisdiction over options to buy or sell currency traded off-exchange.

Appellants' principal contention on this appeal is that, while the CFTC acted in accordance with our decision in *CFTC v. American Board of Trade, Inc.,* 803 F.2d 1242, 1248 (2d Cir.1986), which upheld CFTC jurisdiction, that position was not "substantially justified" because the Supreme Court later unanimously adopted a contrary view, *see Dunn v. CFTC,* 519 U.S. 465, 117 S.Ct. 913, 137 L.Ed.2d 93. Appellants cite our decision in *FEC* v. *Political Contributions Data,* 995 F.2d 383, which permitted EAJA recovery after a litigation position of the Federal Election Commission ("FEC"), supported by an FEC advisory opinion, had been rejected by this court. We disagree.

The issue for EAJA purposes is not what the law is when the EAJA application is made, but rather whether the government was substantially justified in believing the law not to have foreclosed its position during the underlying litigation. *See Pierce,* 487 U.S. at 561, 108 S.Ct. 2541. Because *American Board of Trade* was the binding law of this circuit on the jurisdictional question presented by this case during the filing and pendency of the CFTC's action against appellants, the CFTC was entitled to rely upon that authority, notwithstanding that the law changed thereafter.

Our decision permitting EAJA recovery in *Political Contributions Data* is not to the contrary. In that case, the FEC sought a declaratory judgment and injunctive relief for a violation of the Federal Election Campaign Act of 1974. The only authority for the FEC's position was its own advisory opinion. *See id.* at 384–85. Where, as here, the CFTC reasonably relied on a controlling decision of this court to support its litigation position, we have no difficulty in upholding the district court's determination that the Commission's position was "substantially justified."

## CONCLUSION

The judgment of the district court is affirmed.