**Donna MARSCHOK Plaintiff,**

v.

**UNITED STATES of America and Kenneth S. Apfel, Commissioner of the United States Social Security Administration, Defendants.**

**No. 00CV3195(ADS).**

United States District Court, E.D. New York.

July 19, 2001.

---

Gary Shoer, Syosset, NY, for the Plaintiff.

Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY by Sharon L. Volckhausen, Assistant United States Attorney, for the Defendant.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case arises out of an alleged failure of the defendant Kenneth F. Apfel, Commissioner of the Social Security Administration (the "Commissioner" or a "defendant") to deduct money from Social Security Disability benefits received by Thomas Fox ("Fox"), the ex-husband of Donna Marschok ("Marschok" or the "plaintiff"), and to forward those deducted monies to the plaintiff for the purpose of satisfying Fox's overdue child support and alimony—now known as maintenance—payments. The plaintiff commenced this action by filing a complaint on June 2, 2000, in which she alleged violations of the New York State Support Enforcement Act of 1985, *see* New York Civil Practice Law and Rules ("CPLR") § 5241. On October 10, 2000, this Court approved a stipulation of discontinuance, which states, "Whereas the Defendant, Commissioner, has provided, and will continue to provide, the relief sought, It is hereby stipulated

and agreed by and between the parties hereto, by and through their respective attorneys, that this action be discontinued with prejudice."

Presently before the Court is an application by the plaintiff, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of fees and expenses as the prevailing party in a civil action against the United States.

## I. *BACKGROUND*

The following facts are taken from the complaint and should not be considered the factual or legal findings of this Court. In March 1980, Donna Marschok and Thomas Fox were married and on August 11, 1980, their daughter, Kimberly Dawn Fox, was born. Marschok and Fox were divorced on August 8, 1985, and pursuant to an order of the Supreme Court, Suffolk County, Marschok was awarded custody of Kimberly. The Supreme Court ordered Fox to pay the plaintiff alimony—now known as "maintenance"—and child support totaling the sum of $150 per week. The court also awarded Marschok the sum of $5,140, in arrears, pursuant to a previous court order.

On September 24, 1991, Marschok commenced an action in the Family Court, Suffolk County, seeking to establish the amount of past support Fox owed her and to increase Fox's child support obligation. On or about December 16, 1991, Marschok and Fox settled that action by entering into an "Agreement to Support." In particular, the parties agreed that Fox owed Marschok the sum of $30,420, which he would pay in weekly installments over a 10-year period. The parties also agreed that Fox would pay Marschok the weekly sum of $75 in future child support. In an order dated March 13, 1992, the Family Court, Suffolk County, approved and adopted the Agreement to Support. There-

after, Fox failed to make a single payment owed to Marschok pursuant to the Agreement to Support.

Just prior to Kimberly Fox's eighteenth birthday, on August 11, 1998, Marschok learned that Fox was receiving Social Security Disability benefits and began deducting the sum of $2412 from those benefits. After Kimberly turned 18, Marschok tried to continue deducting her support payments from Fox's disability benefits, but Fox refused to consent to such deductions.

On November 9, 1999, pursuant to CPLR § 5241, the plaintiff served a Notice of Income Execution for Support Enforcement ("Notice of Income Execution") on Fox. The Notice of Income Execution stated that Fox owed a total of $ 55,320 and advised Fox that 60% of his disability benefits would be deducted from his check and given to Marschok unless he asserted a mistake of fact. Fox did not raise such a defense.

On December 6, 1999, again pursuant to CPLR § 5241, the plaintiff served the defendant United States of America and the defendant Commissioner with a Notice of Income Deduction. Marschok alleges that because defendant Commissioner is an "Income Payor," as that term is defined in CPLR § 5241(a)(5)(ii), the Commissioner is required to deduct a portion of Fox's benefits and forward the money to Marschok. Although Fox continued to receive Social Security Disability benefits, defendant Commissioner allegedly failed to deduct and forward the monies due to the plaintiff.

As noted above, the parties settled this action on October 10, 2000 and the only issue remaining in the case is the plaintiff's fee application. Counsel for the plaintiff seeks attorney's fees in the amount of $1450 plus the sum of $175 for filing and

service fees, for a total of $1625. Counsel for the plaintiff states that he spent 5.8 hours working on this case, and that $250 represents his normal hourly rate in a case such as the one at hand. According to counsel, the $250–hourly rate "is reasonable in light of prevailing market rates in this community for the kind and quality of services furnished" for the purposes of 28 U.S.C. § 2412.

The government does not dispute that Marschok is the prevailing party; that counsel for the plaintiff is entitled to attorney's fees; or that counsel spent 5.8 hours working on this case. However, the government does object to the hourly rate claimed by plaintiff's counsel on the ground that it exceeds the statutory cap of $125 per hour pursuant to 28 U.S.C. § 2412(d)(2)(A). Thus, the government requests that the Court set the hourly rate of compensation for attorney's fees at the statutory rate of $125 per hour.

## II.  *DISCUSSION*

■ The purpose of the EAJA is to ease the economic imbalance between an individual claimant and the United States in order to reduce the likelihood that challenges to unreasonable bureaucratic actions will be deterred by the high cost of litigating against the Government. *Reyes v. Secretary of Health and Human Services*, 807 F.Supp. 293, 297 (S.D.N.Y.1992),(citing *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1086 (2d Cir.1983)). To this end, the EAJA provides that a court shall award fees and expenses to the prevailing party in an action brought by or against the Government, "unless the court finds that the position of the United States was substantially justified or the special circumstances make an award unjust." 28 U.S.C. § 2412(d). In particular, the statute requires proof: (1) that the claimant is a prevailing party; (2) that the Government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee application be submitted to the court within 30 days of the entry of the final judgment. *Kerin v. United States Postal Service*, 218 F.3d 185, 189 (2d Cir.2000) (setting forth the statutory requirements).

Marschok's status as the prevailing party and the timely application for fees are not in dispute; therefore those requirements have been met. In addition, the Government raises no "special circumstances" that would make an award of attorney's fees unjust, nor does the court recognize such a situation.

■ With regard to the substantial justification requirement, upon a party's showing that it prevailed over the Government, the burden of demonstrating substantial justification shifts to the Government. *See Commodity Futures Trading Comn. v. Dunn*, 169 F.3d 785, 786 (2d Cir.1999). In this case, the Government does not even assert that its position was "substantially justified," nor does it offer factual allegations to support such an assertion. Accordingly, for the purposes of deciding this fee application, the Court finds that the Government's position was not substantially justified. Thus, Marschok meets the prerequisites for the receipt of attorney's fees pursuant to the EAJA.

■ The hourly rate an attorney may receive under the EAJA is statutorily capped. 28 U.S.C. § 2412(d)(2)(A). For cases commenced on or after March 29, 1996, the rate is fixed at $125 per hour. *Kerin*, 218 F.3d at 189. This rate cap can be exceeded in special circumstances such as cases that require an attorney with experience in a specialized practice area or knowledge of foreign law or language. *See*

*Pierce v. Underwood,* 487 U.S. 552, 565–66, 108 S.Ct. 2541, 2550–51, 101 L.Ed.2d 490 (1988). The statutory cap cannot be exceeded merely because the issues are novel or difficult or the case is undesirable; nor can a Court award in excess of $125 per hour simply due to the ability and work of counsel, the results obtained, customary fees in similar cases, or the existence of a contingent fee arrangement. *Id.*

■ In the present case, the only argument counsel offers in support of his request that the Court apply a rate of $250 per hour is this rate is his normal hourly rate and reasonable in light of the "prevailing market rates in this community for a proceeding such as the instant one." Contrary to counsel's argument, hourly rates for lawyers in a particular city, or even in a nation are not a special circumstance that justifies exceeding the $125 per hour statutory cap. *See Pierce,* 487 U.S. at 572, 108 S.Ct. at 2554 ("We do not think Congress meant that if the rates for all lawyers in the relevant city—or even in the entire country—come to exceed [the statutory cap]…then that market minimum rate will govern instead of the statutory cap."). As such, the Court is not persuaded by counsel's argument to apply the rate of $250 per hour. Further, the Court finds no special circumstances justify departing from the statutory rate.

In addition to the "special circumstances" exception to the statutory cap, the Court, in its discretion, can increase the amount of money allowed by the statute to account for increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A); *Kerin,* 218 F.3d at 194. Here, counsel has not asked the Court to make a cost-of-living increase, much less provided the Court with the relevant Consumer Price Indices. Without a request by counsel and information regarding cost of living increases, the Court declines to adjust the statutory cap to account for increases in the cost of living.

A Court can also award fees at rates exceeding the statutory rate if the party opposing the motion has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *see* 28 U.S.C. § 2412(b). However, Marschok makes no claim that the defendants acted in bad faith, and there is no reason to increase the statutory rate on that basis.

There being no objection from the Government as to the hours counsel worked on this case, Marschok is awarded fees under the EAJA as follows: 5.8 hours at $125 per hour for a total of $725.

■ The Court notes that the plaintiff also requests reimbursement for the cost of filing the complaint ($150) and serving the defendants ($25). The Second Circuit has held that under the EAJA, costs that would normally be passed along by an attorney to the client are assessable under the EAJA. *Aston v. Secretary of Health and Human Svcs.,* 808 F.2d 9, 12 (2d Cir.1986). Further, the Government does not object to the plaintiff's request for costs. For these two reasons, the costs are approved. Accordingly, Marschok is awarded a total of $175 in costs.

### III. *CONCLUSION*

Having reviewed the submissions of the parties, it is hereby

**ORDERED,** that the plaintiff is awarded attorney's fees under the EAJA in the amount of $725, and an additional $175 in costs for a total sum of $900; and it is further

**ORDERED,** that the defendants are directed to pay the sum of the attorney's

fees within 30 days of the date of this order;  and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**